UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LASHEA WORLEY and JOHN WORLEY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:16-cv-96 |
| ) | |
| CELEBRATE CHILDREN ) | |
| INTERNATIONAL, INC ) | |
| and SUSAN HEDBERG, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the defendants' motion to dismiss, or, transfer (#3). The matter has been fully briefed and is ripe for disposition. For the following reasons, the Court will enforce the forum selection clause within the contract and grant the defendants' motion to dismiss.

### I.  Factual Background

Plaintiffs filed a petition in Circuit Court in Cape Girardeau County, Missouri, against defendants alleging breach of contract and twelve various torts stemming from several failed adoption attempts. Plaintiffs are citizens of Missouri and defendants Celebrate Children International, Inc. ("CCI") adoption agency and its executive director, Susan Hedberg, are citizens of Florida. Plaintiffs allege they entered into a valid, binding contract with CCI in an attempt to adopt a child or children from the Democratic Republic of the Congo ("DRC").

The 23-page contract, initialed on each page by each plaintiff and signed on five different pages by each plaintiff, contains a choice-of-law clause and a forum selection clause. The paragraph in question, which is highlighted in large type, states:

> This Agreement shall be interpreted under the laws of the State of Florida. Any dispute resolution or other legal proceedings pertaining to this Agreement shall be resolved [in] Seminole County, State of Florida.

Despite the provision, plaintiffs filed their petition in state court in Cape Girardeau County, Missouri. Plaintiffs bring 13 counts, including breach of contract, several torts grounded in negligence, breach of fiduciary duty, misrepresentation, fraud, and unlawful merchandising practices under § 407.020 RSMo (#10). Defendants properly removed the action to this Court under 28 U.S.C. § 1441(a) invoking this Court's diversity jurisdiction. Defendants then filed their motion to dismiss or, in the alternative, motion to transfer (#3).

## II. Discussion

Defendants seek dismissal or transfer of this case in light of plaintiffs' contractual Agreement to resolve legal disputes "pertaining to this Agreement" in Florida. Both parties cite only Missouri law throughout the briefing. However, the "Eighth Circuit has indicated its general agreement with the proposition that in a diversity case federal law controls whether a forum selection clause applies." *Nicolais v. Balchem Corporation*, No. 4:14–CV–1936 CAS, 2015 WL 6436747, at *2 (E.D. Mo. Oct. 22, 2015) (citing *Rainforest Café, Inc. v. EklecCo, L.L.C.*, 340 F.3d 544, 546 (8th Cir. 2003)). Although this proposition has not been definitively held and thus appears to be an open question,

2

"where the application of state law or federal law would not affect the outcome, a federal court may apply the federal standard as first articulated in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972)." *Joda L.L.C. v. Kitov Resources Ltd.*, No. 4:09-CV-1897 SNLJ, 2010 WL 2555792, at *1 (E.D. Mo. June 23, 2010). That is the case here. In fact, Missouri has adopted the federal standard articulated in *M/S Bremen* in analyzing the enforceability of forum selection clauses. Accordingly, this Court will examine the issue under federal law. *Id*; *see also Servewell Plumbing L.L.C. v. Federal Ins. Co.*, 439 F.3d 786, 789 (8th Cir. 2006); *Nicolais*, 2015 WL 6436747 at *2.

1.   **Enforceability of Forum Selection Clause**

The *M/S Bremen* standard is that "forum selection clauses are prima facie valid and enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." *M.B. Restaurants, Inc. v. CKE Restaurants, Inc.*, 183 F.3d 750, 752 (8th Cir. 1999) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). Forum selection clauses are enforceable "unless they would actually deprive the opposing party of his fair day in court." *Id.* (internal citations omitted). Further, determining a defendant's motion to transfer, the Court should not "consider arguments about the parties' private interests" and should "deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id*.

The preselected forum within a valid forum selection clause represents the parties' agreement as to the most proper and convenient forum, and enforcement of the clause protects the parties' expectations at the time of contracting. *Atlantic Marine Const. Co. Inc. v. U.S. District Court for Western Dist. of Texas*, 134 S.Ct. 568, 581 (2013) (quoting

3

*Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988). In the *Atlantic Marine* case, the Supreme Court also explained that analysis of the enforcement of forum selection clauses pointing to state or foreign forums requires consideration of factors under the doctrine of *forum non conveniens*. *Id.* at 580 ("the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*"); *see also Freedom Smokeless, Inc. v. Rapid Dev. Services, Inc.*, No. 4:15-CV-00771 AGF, 2015 WL 5735201 at *5 (E.D. Mo. Sep. 29, 2015).

Here, the forum selection clause "points" to a Florida state court in Seminole County. Under the *M/S Bremen* and *Atlantic Marine* standards, the Court first must determine whether the forum selection clause at issue is enforceable, valid, unambiguous, and mandatory in its terms. *Id; see Kanza Const., Inc. v. Kansas City Southern Ry. Co.*, 13 F.Supp.3d 985, 989 (W.D. Mo. 2014). Then, the Court must consider the public policy of the forum state when determining the enforceability of a forum selection clause. *Union Elec. Co. v. Energy Ins. Mut. Ltd.*, 689 F.3d 968 (8th Cir. 2012) (internal citations omitted). However, "[b]ecause [public policy] factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Atlantic Marine Const. Co. Inc.* 134 S.Ct. at 582.

2. **Ambiguity of the Forum Selection Clause**

The plaintiffs admit that they entered into a "valid binding contract" with CCI in their first amended petition (#1, Ex. A at ¶ 79). However, in their memorandum in opposition to defendants' motion to dismiss, plaintiffs argue that the contract was an adhesion contract and for that reason the forum selection clause is unenforceable.

4

"[F]actual statements in a party's pleadings are generally binding on that party unless the pleading is amended." *Knudsen v. U.S.*, 254 F.3d 747, 752 (8th Cir. 2001). The matters alleged in the complaint are admissions by plaintiffs. *See Missouri Hous. Dev. Comm'n v. Brice*, 919 F.2d 1306, 1314 (8th Cir.1990) ("admissions in the pleadings ... are in the nature of judicial admissions binding upon the parties, unless withdrawn or amended.") (internal quotation omitted). Because the plaintiffs admitted they entered into a valid, binding contract, they are precluded from now arguing that the contract was one of adhesion. Even if this issue had been preserved, plaintiffs failed to properly submit factual support that this contract was one of adhesion.

Furthermore, there is no question that the forum selection clause is unambiguously mandatory, and plaintiffs do not claim otherwise. The parties' Agreement, in unequivocal language, states "Any dispute resolution or other legal proceedings pertaining to this Agreement *shall* be resolved [in] Seminole County, State of Florida." Thus, the parties' forum selection clause is enforceable and mandatory.

### 3. Missouri Public Policy

As noted, public policy factors will rarely defeat a motion to transfer when there is a valid forum selection clause. *Atlantic Marine Const. Co.*, 134 S.Ct. at 582. A valid forum selection clause should be given "controlling weight in all but the most exceptional cases" and will generally be enforced. *Id.* at 581. Nonetheless, and despite the authority that public policy will rarely defeat a motion to transfer, plaintiffs argue that dismissal or transfer of this action would violate established public policy in Missouri. To be sure, Missouri has expressed "its clear intent to ensure the Missouri consumers can adjudicate

5

chapter 407 claims [unlawful merchandising practices] in Missouri courts." *Andra v. Left Gate Prop. Holding, Inc.*, 453 S.W.3d 216, 233 (Mo. *banc* 2015). In *High Life Sales Co. v. Brown-Forman Corp.*, the Missouri Supreme Court held that enforcing a forum selection clause pointing to Kentucky would violate important public policy in Missouri because (1) the control of liquor distribution is an important state interest, (2) Kentucky has never interpreted the Missouri statute at issue in the case, and (3) Kentucky did not have a similar statute, suggesting "that [Kentucky's] public policy is contrary to that of Missouri." 823 S.W.2d 493, 498-99 (Mo. *banc* 1992).

In the case at hand, however, both Florida and Missouri have important state interests in deterring and punishing potentially tortious conduct. Plaintiffs bring two tort claims under Missouri's unlawful merchandising practices statute § 407.020 RSMo. Plaintiffs maintain (as this Court understands the argument) that dismissing or transferring their action would violate the state's public policy because the Florida court would not properly apply this Missouri statute.

§ 407.020 RSMo which states, in part:

1. The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in section 407.453, in or from the state of Missouri, is declared to be an unlawful practice.

The corresponding Florida statute, § 501.204, is similar to Missouri's statute, § 407.020 RSMo. Florida's statute states, in part:

> (1) Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

Unlike *High Life* Sales, then, Florida and Missouri have similar statutes that protect similar interests for consumers and punishing deceptive trade practices. Missouri's public policy is not defeated by the prospect of a Florida court interpreting a Missouri statute.

### B. Tort Claims

Plaintiffs also argue that dismissal based on the forum selection clause is inappropriate because 12 of their claims are based in tort, not contract. It is true that the court must determine "whether the [forum selection] clause applies to the type of claims asserted in the lawsuit." *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 692 (8th Cir. 1997). Although it is conceivable that some claims between contracting parties would not be subject to a forum selection clause, *see Jitterswing, Inc. v. Francorp, Inc.*, 311 S.W.3d 828 (Mo. App. 2010), a forum selection clause may be applicable to the tort claims when those tort claims arise under the contract. *Terra Int'l, Inc.*, 119 F.3d at 693. "Whether tort claims are to be governed by forum selection provisions depends upon the intention of the parties reflected in the wording of particular clauses and the facts of each case." *Id.* (quoting *Berrett v. Life Ins. Co. of the Southwest*, 623 F.Supp. 946, 948-49 (D. Utah 1985)).

The parties' forum selection clause applies to disputes or legal proceedings "pertaining to this Agreement." Plaintiffs suggest their tort claims alleging negligence, breach of fiduciary duty, misrepresentation and fraud, and unlawful merchandising

7

practices do not "pertain to" the Agreement, but defendants argue that their tort claims are clearly derivative of their breach of contract claim and the contract itself. Indeed, the plaintiffs invoke the contract explicitly within nine of their 13 counts. The "majority" of cases interpreting similar forum selection clauses suggest "that such clauses do apply to tort claims." *Terra Int'l, Inc.*, 119 F.3d at 693; *see also DesignSense, Inc. v. MRIGlobal*, 4:13-CV-010, DGK 2013 WL 3205569 at *2 (W.D. Mo. June 25, 2013); *Mann v. Automobile Protection Corp.*, 777 F.Supp.2d 1234, 1243 (D.N.M. 2011); *Lambert v. Kysar*, 983 F.2d 1110, 1121-22 (1st Cir. 1993); *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988); *Knight Oil Tools, Inc. v. Unit Petroleum Co.*, 05-0669, JB/ACT 2005 WL 2313715 at *12 (D.N.M. Aug. 31, 2005).

Here, it is dispositive that each count pertains to the contract: nine counts explicitly refer to the contract (Counts III-XI), two more (Counts I & II) explicitly refer to a "duty" that undoubtedly arose from the contract, and two more (Counts XII & XIII) refer to representations and other actions taken pursuant to the contract. Each of plaintiffs' claims then "pertains to" the Agreement and must be brought in Florida pursuant to the Agreement's forum selection clause.

### A. Conclusion

For the foregoing reasons, the Court must enforce the parties' contract and forum selection clause. Defendants' motion to dismiss is granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion to Dismiss Plaintiffs' Petition (#3) is **GRANTED**.

Dated this 16th day of November, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE